IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-00456-MSK-OES

JOHN C. DAW, O.D. and JOHN C. DAW, O.D., P.C., a Colorado professional corporation,

Plaintiffs,

vs.

SHOPKO STORES, INC., a Delaware corporation, KEVIN C. COTTRELL, O.D., and KEVIN C. COTTRELL, O.D., P.C.,

Defendants.

---

**JOINT MOTION UNDER FED.R.EVID. 702 RE: PLAINTIFFS' EXPERT SANJAI BHAGET, Ph.D.**

---

The parties, through their undersigned counsel, hereby request a determination regarding the admissibility of opinion testimony from Plaintiffs' expert Sanjai Bhagat, Ph.D.

**Opinion 1**

Opinions regarding Dr. Daw's expectations of revenues from patient retention of an optometrist moving from one location to another.

***Defendants' Objection to Opinion 1***

This witness is not qualified by education, experience, training, skill, knowledge or any other credential to provide this opinion. Further, he has no actual, recognized, tested, or accepted methodology to support such an opinion. This opinion is adopted wholesale by the witness from the opinions of Gary Gerber, OD, whose opinions on this matter were stricken by the Court on September 6, 2006, as not being admissible under F.R.E. 702.

**Opinion 2**

Opinions regarding the actual financial loss to Dr. Daw as a result of Shopko interfering with Dr. Daw setting up his private practice.

*Defendants' Objection to Opinion 2*

This witness does not use an actual, recognized, tested, or accepted methodology to support such an opinion, in particular because in order to express his opinion, he adopts wholesale the previously stricken opinions of Gary Gerber, OD as his own opinions in this regard, and such opinions are not formulated by him independent of the now stricken opinions of Gary Gerber, OD.

**Opinion 3**

That 70 percent of patients would continue their care with Dr. Daw at his Longs Peak location had they had the opportunity to do so.

*Defendants' Objection to Opinion 3*

This witness is not qualified by education, experience, training, skill, knowledge or any other credential to provide this opinion. Further, he has no actual, recognized, tested, or accepted methodology to support such an opinion. This opinion is adopted by the witness from the opinions of Gary Gerber, OD, whose opinions on this matter were stricken by the Court on September 6, 2006, as not being admissible under F.R.E. 702.

**Opinion 4**

That during each year, 20 percent of patients will refer another patient to Dr. Daw.

*Defendants' Objection to Opinion 4*

This witness is not qualified by education, experience, training, skill, knowledge

2

or any other credential to provide this opinion. Further, he has no actual, recognized, tested, or accepted methodology to support such an opinion. This opinion is adopted wholesale by the witness from the opinions of Gary Gerber, OD, whose opinions on this matter were stricken by the Court on September 6, 2006, as not being admissible under F.R.E. 702.

**Opinion 5**

That the Plaintiff's economic losses from lost revenue losses are $145,827 as a result of the actions of the Defendant, exclusive of non-economic losses.

*Defendants' Objection to Opinion 5*

This witness is not qualified by education, experience, training, skill, knowledge or any other credential to provide any opinion on the alleged conduct of Defendant. Further, witness has no actual, recognized, tested, or accepted methodology to support such an opinion, and the opinion is grounded in the opinions of Gary Gerber, OD, which have been stricken. Specifically, the calculation of the witness uses the stricken opinions of Dr. Gerber, OD, concerning the stricken projected percent of patients likely to be retained (70%), and the stricken projected referral rate of new patients from existing patients (20%), as unsubstantiated multipliers in computing the projected monetary losses of the Plaintiff.

The Parties anticipate that the admissibility of these opinions can be determined in a two hour hearing. The parties believe that Dr. Bhagat must to be called to testify at the hearing.

Respectfully submitted this 18th day of September, 2006.

s/ Gerald L. Jorgensen
Gerald L. Jorgensen, Esq.
Theodore J. Finn, Esq.
Jorgensen, Motycka & Lewis, P.C.
Attorneys for Plaintiffs
709 Third Avenue
Longmont, CO  80501
(303) 678-0560

s/Stephen Hopkins
Stephen Hopkins
  of HIGGINS, HOPKINS, McLAIN &
  ROSWELL, LLC
Attorneys for Defendant Shopko Stores, Inc.
300 Union Boulevard, Suite 101
Lakewood, CO  80228
(303) 987-9870

Respectfully submitted this 18th day of September, 2006.

| | |
|---|---|
| s/ Benjamin P. Swartzendruber<br>Gerald L. Jorgensen, Esq.<br>Benjamin P. Swartzendruber<br>Jorgensen, Motycka & Lewis, P.C.<br>Attorneys for Plaintiffs<br>709 Third Avenue<br>Longmont, CO 80501<br>(303) 678-0560 | s/Stephen Hopkins<br>Stephen Hopkins<br>  of HIGGINS, HOPKINS, McLAIN &<br>  ROSWELL, LLC<br>Attorneys for Defendant Shopko Stores, Inc.<br>300 Union Boulevard, Suite 101<br>Lakewood, CO 80228<br>(303) 987-9870 |